ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Binghamton Simulator Company | ) ASBCA No. 59117 |
| | ) |
| Under Contract No. W900KK-09-D-0323 | ) |

APPEARANCE FOR THE APPELLANT:     Albert J. Millus, Jr., Esq.
                                  Hinman, Howard & Kattell, LLP
                                  Binghamton, NY

APPEARANCE FOR LEIDOS, INC.,      Louis D. Victorino, Esq.
 f/k/a SCIENCE APPLICATIONS        Sheppard Mullin Richter & Hampton LLP
 INTERNATIONAL CORPORATION:        Washington, DC

APPEARANCES FOR THE GOVERNMENT:   Raymond M. Saunders, Esq.
                                  Army Chief Trial Attorney
                                  MAJ Cameron R. Edlefsen, JA
                                  Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE MELNICK
ON THE BOARD'S JURISDICTION

Subcontractor Binghamton Simulator Company (BSC) attempts to appeal directly from a contracting officer's decision issued to the prime contractor, Leidos, Inc., f/k/a Science Applications International Corporation (Leidos).[1] Leidos does not sponsor BSC's appeal. Accordingly, we dismiss the appeal for lack of jurisdiction.

STATEMENT OF FACTS (SOF) FOR THE PURPOSE
OF DETERMINING JURISDICTION

1. The United States Army, through its Program Executive Office for Simulation, Training and Instrumentation (Army or government), awarded Contract No. W900KK-09-D-0323 (the contract), an indefinite delivery/indefinite quantity delivery order contract, to Science Applications International Corporation (now known as Leidos, Inc.) (R4, tab 1). The contract called for "procurement and/or services support of training and testing simulators, simulations, systems/devices, instrumentation systems, telecommunications systems, experimentation, targets,

---

[1] This appeal was originally docketed in Science Applications International
    Corporation's name, prior to the Board being informed that it did not sponsor
    the appeal.

gaming, advanced simulation concepts, and open architecture, and common part and component solutions" (R4, tab 1 at 109).

2. The contract is subject to the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109, and includes a standard Disputes clause, FAR 52.233-1, DISPUTES (JUL 2002) – ALTERNATE I (DEC 1991) (R4, tab 1 at 97). The contract also includes DFARS 252.227-7014, RIGHTS IN NONCOMMERCIAL COMPUTER SOFTWARE AND NONCOMMERCIAL COMPUTER SOFTWARE DOCUMENTATION (JUN 1995); and DFARS 252.227-7019, VALIDATION OF ASSERTED RESTRICTIONS – COMPUTER SOFTWARE (JUN 1995) (R4, tab 1 at 98-99).

3. Three delivery orders issued under the contract are relevant to this appeal, all of which involve the Non-Rated Crew Member Manned Module (NCM3), a component of the Aviation Combined Arms Tactical Trainer (AVCATT) (R4, tab 2 at 180, 274, tab 3 at 554, 610, tab 4 at 686, 792). The AVCATT is an advanced helicopter simulator, a "virtual simulation training system designed to provide aviation the capability to conduct realistic, high intensity, task-loaded collective and combined arms training exercises and mission rehearsals." The NCM3 is a "functional crew station position for the current...and future inventory of Army lift helicopters," providing simulation training for "individual, crew, and collective tasks associated with door gunnery and crew coordination." (R4, tab 2 at 278, tab 3 at 612, tab 4 at 794) BSC was Leidos' subcontractor for the NCM3 effort and provided, among other things, software programs to simulate "sling load operation" and "hoist operation" (R4, tab 2 at 370).

4. The first relevant delivery order, Delivery Order No. 000316 (D0003), was issued on 27 January 2010 (R4, tab 2 at 179). Following the issuance of D0003, a dispute arose regarding the government's rights to use and distribute BSC's "sling loads" and "hoist" software programs. The government asserted that it had government purpose rights (see DFARS 252.227-7014(b)(11)), while BSC maintained that the government only had Small Business Innovation Research (SBIR) rights (see DFARS 252.227-7018). (Notice of appeal, attach. B)

5. The second delivery order, Delivery Order No. 000503 (D0005), was issued on 18 May 2012 (R4, tab 3 at 553). The third, Delivery Order No. 000905 (D0009), was issued on 25 September 2012 (R4, tab 4 at 685).

6. In November 2012, BSC challenged the government's asserted rights to the "sling loads" and "hoist" programs (Bd. corr. ltr. dtd. 28 February 2014 at 2; Bd. corr. ltr. dtd. 27 March 2014, attach. 1). The government responded in April 2013, formally challenging BSC's assertion of SBIR rights and demanding additional information from BSC to support its asserted rights. The government addressed its April 2013

2

letter to Leidos, however, asserting it "had no privity of contract with BSC."[2] (Notice of appeal, attach. B at 2)

7. On 20 August 2013, the contracting officer issued a final decision to Leidos denying the validity of BSC's asserted SBIR rights (Bd. corr. ltr. dated 28 February 2014; notice of appeal, attach. B).

8. On 7 January 2014, the Board received a notice of appeal, dated 14 November 2014, from BSC appealing the contracting officer's 20 August final decision. The Board docketed the appeal as ASBCA No. 59117. In the notice of docketing, the Board directed Leidos to provide proof that it sponsored BSC's appeal.

9. By letter dated 27 January 2014, Leidos responded to the Board's inquiry, stating that it "was not requested to sponsor the [appeal] and has not sponsored the [appeal]."

10. BSC contended, in its 28 February 2014 response to the Board's inquiry, that Leidos had sponsored the appeal under the terms of their subcontract agreement. BSC cited the following language from the Disputes clause of its subcontract as evidence of Leidos' sponsorship:

> *[I]f Seller [i.e., BSC] disagrees with any such decision made by the Contracting Officer and Buyer [i.e., Leidos] elects not to appeal such decision, Seller shall have the right reserved to Buyer under the Prime Contract with the Government to prosecute a timely appeal in the name of Buyer....*

(Bd. corr. ltr. dated 28 February 2014 at 2-3) BSC also noted in its response that the software underlying the parties' dispute was owned by BSC Partners, LLC, rather than Binghamton Simulator Company (*id.* at 1 n.1).[3]

---

[2] Pursuant to DFARS 252.227-7019(c), no such "privity" was required for direct contact at this stage of the process for validating BSC's asserted restrictions: "the Contracting Officer may transact matters under this clause directly with subcontractor or suppliers at any tier who assert restrictions on the Government's right to use, modify, reproduce, release, perform, display, or disclose computer software." Paragraph (c) adds that such direct interaction neither "creates [n]or implies privity of contract between the Government and the Contractor's subcontractors or suppliers."

[3] In its final submission to the Board on the question of sponsorship, BSC indicated that those of its assets that had been purchased by BSC Partners, LLC,

3

11. Leidos responded to BSC's submission by letter dated 27 March 2014, arguing that the language of the Disputes clause in the subcontract did not constitute sponsorship. Additionally, Leidos reiterated that BSC had never requested sponsorship of an appeal.

## DECISION

Under the CDA, only a contractor may appeal to the Board from a contracting officer's final decision. *Rahil Exports*, ASBCA No. 56832, 10-1 BCA ¶ 34,355 at 169,646; 41 U.S.C. § 7104(a). The CDA defines "contractor" as "a party to a Federal Government contract other than the Federal Government." 41 U.S.C. § 7101(7). The CDA is a waiver of sovereign immunity, and as such it must be strictly construed. *Winter v. FloorPro, Inc.*, 570 F.3d 1367, 1370 (Fed. Cir. 2009).

Parties that are not in privity of contract with the government may not avail themselves of the CDA's appeal provisions. *See FloorPro*, 570 F.3d at 1371; *Admiralty Construction, Inc., by National American Insurance Co. v. Dalton*, 156 F.3d 1217, 1220-21 (Fed. Cir. 1998); *United States v. Johnson Controls, Inc.*, 713 F.2d 1541, 1550-51 (Fed. Cir. 1983); *CareFirst BlueCross BlueShield*, ASBCA No. 52849 *et al.*, 05-2 BCA ¶ 32,998 at 163,578. "[T]he no-privity rule is synonymous with a finding that there is no express or implied contract between the government and a subcontractor." *Johnson Controls*, 713 F.2d at 1550. "[R]are, exceptional" circumstances must exist to either create privity of contract between the subcontractor and the government or to establish some other-than-privity basis allowing the subcontractor to appeal directly to the Board. *Johnson Controls*, 712 F.2d at 1556; *see, e.g., Johnson Controls*, 713 F.2d at 1551-52 (privity where prime contractor acts as mere government agent), at 1552-56 (direct subcontractor appeals pursuant to terms of prime contract); *Rahil Exports*, 10-1 BCA ¶ 34,355 at 169,647 (implied-in-fact contracts). However, no such "rare, exceptional" circumstances are presented here. BSC does not allege, and nothing in the record indicates to us, that BSC was in privity with the government or that the terms of the contract somehow provided for BSC to be able to appeal directly to the Board.

For the Board to consider the claim of a subcontractor not in privity with the government, the appeal must be sponsored by the party that is in privity, the prime contractor. *J.E. McAmis, Inc.*, ASBCA No. 54455 *et al.*, 04-2 BCA ¶ 32,746 at 161,953. Sponsorship allows a subcontractor to prosecute its claims "through, and with the consent and cooperation of, the prime, and in the prime's name." *Erickson*

---

including its software and all causes of action, were subsequently sold to BSC Associates, LLC (Bd. corr. ltr. dated 15 April 2014 at 4).

4

*Air Crane Co. of Washington, Inc. v. United States*, 731 F.2d 810, 814 (Fed. Cir. 1984).

In this case, Leidos has clearly and consistently represented that it does not sponsor BSC's appeal (SOF ¶¶ 9, 11). BSC argues that the appeal is sponsored regardless, because pursuant to the Disputes clause of its subcontract, Leidos cannot refuse sponsorship (SOF ¶ 10). It is irrelevant to our jurisdiction whether the terms of the contract between BSC and Leidos might, under certain circumstances, require Leidos to sponsor an appeal by BSC. We lack jurisdiction under the CDA to resolve a dispute between a prime contractor and its subcontractor regarding interpretation of the terms of their subcontract. *See* 41 U.S.C. § 7105(e)(1)(A). All that is relevant to our consideration is that Leidos does not sponsor *this* appeal.

As the party invoking the Board's jurisdiction, BSC has the burden of establishing the Board's jurisdiction by a preponderance of the evidence. *See Alpine Computers, Inc.*, ASBCA No. 54659, 05-2 BCA ¶ 32,997 at 163,559; *A. Montano Electrical Contractor*, ASBCA No. 56951, 10-2 BCA ¶ 34,587 at 170,500. BSC fails to carry that burden because Leidos does not sponsor the appeal and BSC has shown neither privity nor the existence of some "rare, exceptional" basis that would allow a direct appeal.

## CONCLUSION

Because Leidos does not sponsor BSC's appeal and BSC has not indicated the existence of any basis allowing it to appeal directly to the Board, the Board lacks jurisdiction and the appeal is dismissed.[4]

Dated: 21 August 2014

MARK A. MELNICK
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

---

[4] Because we lack jurisdiction over BSC's appeal, we do not need to determine whether BSC's appeal was timely filed. Additionally, Leidos questions whether, given the sale of its assets, BSC would be the proper party to bring a sponsored appeal before the Board (Bd. corr. ltr. dated 27 March 2014). We do not need answer that question, either, to determine that we lack jurisdiction.

5

I concur                                    I concur

MARK N. STEMPLER                         RICHARD SHACKLEFORD
Administrative Judge                      Administrative Judge
Acting Chairman                           Vice Chairman
Armed Services Board                      Armed Services Board
of Contract Appeals                       of Contract Appeals


I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59117, Appeal of Binghamton Simulator Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

6